UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEA RYSE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MR. FRIEND, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2600 KJM DB PS<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, Dorothea Ryse, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, amended complaint, and motion for the appointment of counsel. (ECF Nos. 2, 6, 7.) The amended complaint's allegations appear to concern a police investigation and legal representation stemming from a vehicle accident.

The court is required to screen complaints brought by parties proceeding in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see</u> <u>also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's amended complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's amended complaint be dismissed without leave to amend.

////

1

**I.  Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Amended Complaint

As was true of the original complaint, plaintiff's amended complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. It is entirely unclear what alleged wrongful actions the defendants engaged in or even what claim, if any, is asserted against any defendant. The amended complaint is composed entirely of vague and conclusory allegations.

For example, the amended complaint alleges that on February 14, 2012, plaintiff was involved in a vehicle accident and an unidentified "police officer held ambulance for over 40min" while "badgering herrassing" (sic) plaintiff. (Compl. (ECF No. 6) at 2.[1]) This unidentified officer also "did not arrest the driver" of the other vehicle. (Id.) However, "[t]he police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property." Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1045 (9th Cir. 1994).

Some "courts have concluded that a plaintiff stated claims for Section 1983 liability—against both officers involved and a municipality—where the plaintiff alleged that the police department's failure to investigate citizens' complaints amounted to deliberate indifference to the need for police action." Bey v. City of Oakland, No. 14-cv-1626 JSC, 2014 WL 7206581, at *5

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

(N.D. Cal. Dec. 18, 2014). And police officers are required to provide medical care to injured detainees. See City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 244 (1983).

However, the amended complaint not only fails to identify the officer involved but provides that the events at issue occurred on February 14, 2012. (Am. Compl. (ECF No. 6) at 2.) 42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, in California that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1. This action was filed on September 21, 2018—more than 6 years after the events occurring on February 14, 2012.

The amended complaint also alleges that "2 attorneys identified as defendants are guilty of none (sic) performance and fraud in representation as in the beginning they said they" would represent plaintiff but "changed" their position. (Am. Compl. (ECF No. 6) at 4-5.) It is entirely unclear when this allegedly happened or what exactly happened between plaintiff and these attorneys.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

| | |
|---|---|
| 1 | Moreover, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging |
| 2 | fraud or mistake, a party must state with particularity the circumstances constituting fraud or |
| 3 | mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged |
| 4 | generally." Fed. R. Civ. P 9(b). "Rule 9(b) serves not only to give notice to defendants of the |
| 5 | specific fraudulent conduct against which they must defend, but also 'to deter the filing of |
| 6 | complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the |
| 7 | harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally |
| 8 | imposing upon the court, the parties and society enormous social and economic costs absent some |
| 9 | factual basis.'" Bly–Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac |
| 10 | Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). |

Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess v. Ciba—Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

Finally, the undersigned notes that it appears that this may not be the proper venue for this action. Pursuant to 28 U.S.C. § 1391(b):

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, the amended complaint alleges that the accident occurred on "Sepulvedia Blvd" in Los Angeles. (Am. Compl. (ECF No. 6) at 7-8.) That the unidentified officer works for the "Manhattan Beach" Police Department. (Id. at 5.) That one of the attorney defendants resides in Beverly Hills, CA. (Id.) And that "the main case was filed in San Diego, CA," but plaintiff filed this action here "since [plaintiff is] back in the Sacramento, CA area[.]" (Id.) Therefore, it does not appear that this court is the proper venue for this action.

**III. Leave to Amend**

For the reasons stated above, plaintiff's amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the defects noted above, the undersigned finds that granting plaintiff further leave to amend would be futile.

**IV. Appointment of Counsel**

On June 13, 2019, plaintiff filed a request for the appointment of counsel. However, federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, the undersigned has recommended that plaintiff's amended complaint be dismissed without leave to amend. Accordingly, at this stage of the proceedings, the undersigned finds that

6

plaintiff's likelihood of success on the merits does not satisfy the test for exceptional circumstances. Plaintiff's request for the appointment of counsel will, therefore, be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 13, 2019 motion to appoint counsel (ECF No. 7) is denied without prejudice to renewal.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's September 21, 2018 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's December 26, 2018 amended complaint (ECF No. 6) be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 1, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ryse2600.dism.f&rs